*leave to file granted*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
AUG 25 2009
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| SMOKING EVERYWHERE, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civ. 09-cv-0771 (RJL) |
| and ) | |
| ) | |
| SOTTERA, INC. d/b/a/ NJOY, ) | |
| ) | |
| Intervenor-Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| U.S. FOOD AND DRUG ) | |
| ADMINISTRATION, et al., ) | |
| ) | |
| Defendants ) | |

**COMBINED MOTION FOR LEAVE TO SUBMIT A BRIEF AMICUS CURIAE,
AND BRIEF AMICUS CURIAE IN SUPPORT OF DEFENDANT F.D.A.,
BY ACTION ON SMOKING AND HEALTH (ASH)**

  John F. Banzhaf III, Executive Director of Action on Smoking and Health (ASH) is a national scientific and educational tax-exempt antismoking organization which has been involved for more than thirty years with the legal issues of nicotine, FDA regulation of nicotine and nicotine-delivery devices, and related topics.

  Banzhaf seeks by this motion to file a brief amicus curiae (contained herein) to respectfully bring to the Court's attention important information about the potential consequences of any ruling to the effect that the FDA does not have jurisdiction over e-cigarettes (because they are either "tobacco products" or "modified risk tobacco products"), including new information which has just come to light. This information includes:

1. E-cigarettes are now being advertised for use in administering Cialis (a prescription-only drug) to users. This indicates a new potential for abuse if the FDA cannot regulate such products.

2. News that e-cigarettes have been found to be "potentially lethal to children," a newly-recognized danger especially if there can be no FDA-imposed age-of-purchaser restrictions on selling the product – which comes in children-friendly fruit flavors – to minors.

3. The very strong concerns by the major national public health and antismoking organizations in this country about the known and potential health hazards of e-cigarettes, especially following the report by the FDA that several samples contained carcinogens and toxic chemicals; all of which are also directly relevant in connection with the factors which must be considered for granting injunctive relief.

RECEIVED AUG 14 2009 Clerk, U.S. District and Bankruptcy Courts

## MOTION FOR LEAVE TO FILE BRIEF AMICUS CURIAE

John F. Banzhaf III, by this motion, respectfully seeks leave to file a very short amicus curiae brief, a brief which is included within this document. Unlike Sottera, Inc. d/b/a/ NJOY, to which this Court has granted intervenor status, Banzhaf does not seek to intervene nor to necessarily present oral arguments.

Instead, by and through its included brief amicus curiae, Banzhaf hopes to insure a more complete record for the Court's benefit, and to bring to the Court's attention information which may not now be before it, including new information which has just come to light.

Banzhaf's organization, ASH, is a national scientific and educational antismoking organization which is exempt from taxation under Section 501(c)(3) of the Internal Revenue Code. For more than forty years it has served as the "legal action arm of the antismoking community," using legal action to get antismoking messages on the air, to help ban cigarette commercials, start the nonsmokers' rights movement leading to an increasing number of prohibitions on smoking, permit health insurance companies to charge nonsmokers less, etc. [See http://ash.org/ and http://ash.org/victories.html]

More specifically, ASH and its Executive Director, law professor John F. Banzhaf III, have brought and participated in many legal actions related to smoking, including, but not limited to:

* Banzhaf v. FCC, 405 F. 2d 1082 (D.C. Cir. 1968) (upholding the FCC's ruling that television and radio stations must provide substantial free time for anti-smoking messages);

* Capital Broadcasting Co. v. Mitchell, 333 F. Supp. 582 (3-judge, DC 1971), aff'd 405 U.S. 1000 (1972) (upholding the constitutionality of the statute banning cigarette commercials);

* ASH v. CAB, 699 F.2d 1209 (D.C. Cir. 1983) (requiring former Civil Aeronautics Board to adopt reasonable regulations for non-smoking sections on airplanes, since expanded to a ban on smoking on all domestic flights);

* ASH v. Lujan, Civ. Act. 91-0357 JGP (U.S. Dis. Ct. DC) (forcing U.S. Park Service to discontinue permitting cigarette promotions in U.S. parks);

\* <u>Shimp v. New Jersey Bell Telephone Company</u>, 368 A.2d 408 (1976) (first injunction ever obtained against smoking in a workplace);

\* <u>Pletten v. Department of the Army</u>, U.S. Merit Systems Protection Board Nos. CH07528010099, CH01520 2901 (1981) (establishing principle that persons sensitive to tobacco smoke are protected as "handicapped persons").

More directly relevant to the instant proceeding, ASH on May 26, 1977 filed a legal petition with the FDA to regulate cigarettes containing nicotine, and appealed the FDA's denial of the petition. <u>Action on Smoking and Health v. Harris</u>, 655 F.2d 236 (D.C. Cir. 1980). The holding of that decision – that in determining the "intent" of the manufacturer, the FDA was not restricted to using only "health claims made by the vendors or manufacturers," but rather could use any relevant source including inferences from consumer intent – provided a basis for the FDA's subsequent decision to regulate nicotine in cigarettes, and has been frequently relied upon by the FDA. For example, Defendant FDA relies in part on this decision; (see page 9 of Defendants' Supplemental Brief in Opposition to Plaintiff's and Intervenor's Motion for a Preliminary Injunction).

Subsequently, in 1987, apparently in response to another legal petition from Action on Smoking and Health, the FDA exercised jurisdiction over a product similar to e-cigarettes which was called "Favor Smokeless Cigarettes" [AR NIC 10-11]. Defendant FDA cites this determination on page 26 of its initial brief in response to the instant complaint.

Moreover, in the complaint in their law suit seeking to stop the FDA from asserting jurisdiction over tobacco products containing nicotine [Beahm v. U.S. FDA], the major tobacco companies acknowledge the important role ASH played regarding this matter. As they assert:

Page 3 of 11

"61. On June 15, 1995, the Action on Smoking and Health ("ASH"), an anti-tobacco group, threatened to file a lawsuit against FDA if FDA did not regulate cigarettes by August 15, 1995. ASH announced that the basis of the suit would be FDA's failure to act on ASH's pending petition before FDA. That petition was filed by ASH on March 4, 1994 and seeks the initiation of a rulemaking to regulate cigarettes."

"62. Soon after ASH's threat to sue, rumors surfaced that FDA had made the decision to regulate cigarettes. See, e.g., FDA Seeks to Mount Attack on Smoking by Minors That Could Mean Regulation, Wall St. J. (July 13, 1995), at A3."

"63. Over the last few weeks, anti-smoking groups continued a carefully orchestrated public relations campaign designed to put pressure on the White House and FDA to issue Commissioner Kessler's proposed regulations. Finally, on August 10, 1995 – without any further direction from Congress and apparently bowing to the anti-tobacco groups – Commissioner Kessler announced that FDA had concluded that it has jurisdiction over cigarettes."

More recently, ASH filed a legal petition asking the FDA to assert jurisdiction over e-cigarettes. See, http://ash.org/ecigpetition.

Banzhaf files this motion and brief amicus curiae on behalf of himself, and out of his concern for many members of the public, including smokers who may be tempted to (or already have) switched to e-cigarettes, and other members (including those with medical conditions or others at special risk) who may be subjected to the exhaled condensate of e-cigarettes containing nicotine and propylene glycol.

In this connection it should be noted that the FDA itself is now reportedly warning that "it is unclear what health effects these products could have on users or if misuse or product failure could lead to nicotine poisoning or other serious adverse health consequences." SEE REPORTED FDA EMAIL REPRINTED ON FOLLOWING PAGE.

From: CDER DRUG INFO [mailtoRUGINFO@fda.hhs.gov]
Sent: Thursday, July 09, 2009 3:15 PM
To: REDACTED
Subject: RE: Electronic Cigarettes

Dear Mr. REDACTED,

Thank you for making your opinions known to the Agency. We appreciate your thoughts and experiences regarding electronic cigarette, cigar, and pipe products.
At this time, we are not aware of any data establishing electronic cigarettes, cigars, or pipes as generally recognized among scientific experts as safe and effective. Based upon our investigation of these products, they are drug/device combinations that require approval by FDA before they may be legally marketed in the United States.
None of these so-called electronic cigarettes, cigars, and pipes, or their components, has been approved by FDA. Therefore, the marketing of them in the United States is subject to enforcement action. As a matter of policy, however, we limit communications about the regulatory status of specific marketed products to those responsible for them, and we do not discuss our enforcement actions except with the targets of those actions.
There may be a perception among some users that electronic cigarettes, cigars, or pipes are safer alternatives to conventional tobacco products. There may also be a perception that these products are a safe and effective means to quit smoking conventional forms of tobacco. However, FDA is not aware of any scientific data to support those perceptions. Since these products have not been submitted to the FDA for evaluation or approval, the agency has no way of knowing the amounts of nicotine or the kinds and amounts of other chemicals that the various brands of these products deliver to the user. **FDA is concerned that electronic cigarettes, cigars, or pipes may introduce young people to nicotine use which may lead to an increase in the use of conventional tobacco products with well-known, adverse, health consequences. Additionally, it is unclear what health effects these products could have on users or if misuse or product failure could lead to nicotine poisoning or other serious adverse health consequences. . . .** [emphasis added]
Again, we appreciate the time that you have taken to contact us.
Best regards,
Division of Drug Information 7
Center for Drug Evaluation and Research
Food and Drug Administration

This communication is consistent with 21CFR10.85(k) and constitutes and informal communication that represents our best judgment at this time but does not constitute an advisory opinion, does not necessarily represent the formal position of the FDA, and does not bind or otherwise obligate or commit the agency to the views expressed. [SEE:
http://www.e-cigarette-forum.com/forum/general-e-smoking-discussion/31855-now-my-discussion-fda.html]