UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SMOKING EVERYWHERE, INC.,

        Plaintiff,

and

SOTTERA, INC. d/b/a NJOY,

        Intervenor/Plaintiff,

   v.

U.S. FOOD AND DRUG ADMINISTRATION, et al.,

        Defendants.

Case No. 09-cv-0771 (RJL)

**STATUS REPORT**

Plaintiff Smoking Everywhere ("SE") respectfully submits this Status Report to apprise the Court of several critical events that have transpired since the parties were last before the Court on August 17, 2009. As described in greater detail below, continuing FDA enforcement actions, newly filed and threatened litigation by several States, and newly enacted State legislation that accepts as conclusively established law the FDA's overreaching and legally unsupportable interpretation of its authority to regulate not only SE's electronic cigarettes, but *all* electronic cigarettes, as "drugs," "devices" or "drug-device combination products," increase the urgency of SE's request for preliminary injunctive relief from this Court.

    **I. FDA's "Final Decision"**

Throughout the two oral arguments on SE's Motion to enjoin FDA's efforts to regulate electronic cigarettes as a combination drug/device, SE has repeatedly emphasized the February 11, 2009 email from C. James Shen, FDA Compliance Officer for the Los Angeles District

(DET-000082) [Dkt. 15-4], which stated that "we do not believe that [Smoking Everywhere's electronic cigarettes] can be relabeled to make [them] anything other than an article which . . . appears to be a drug-device combination product under Section 503(g)(1) of the Federal Food Drug and Cosmetic Act (the Act) (21 U.S.C. 353 (g)(1))."  In response, government counsel has attempted to disown the February 11, 2009 email by suggesting or implying that the statement quoted above does not reflect a "final decision" by FDA.  See, e.g., August 17, 2009 Oral Hrg. Tr. at 39 (a true and correct copy of which is attached hereto as Exhibit A) ("Again, the statement that they quote at page 82 of the detention record . . . wasn't a final decision on that issue by that compliance officer.").

Despite the FDA's representations at oral argument, on September 17, 2009—almost three months after enactment of the Family Smoking Prevention and Tobacco Control Act—Kevin M. Budich, a Compliance Officer from FDA's Center for Drug Evaluation and Research, wrote an email to a downstream vendor of Smoking Everywhere's products in which Mr. Budich categorically asserts that, based on FDA's review of "a number" of electronic cigarette products, such products "are intended and labeled to affect the structure or function of the body and/or to cure, mitigate, treat or prevent disease (i.e. the symptoms of nicotine addiction . . .)." (A true and correct copy of the September 17, 2009 Email from Kevin M. Budich to Mr. Suh is attached hereto as Exhibit B.)  Mr. Budich goes on to assert that, as such, "FDA considers the electronic cigarettes, cigars, pipes and their components described above to be "drugs" under the Federal Food Drug and Cosmetic Act (the Act)."  Id.

The FDA's September 17, 2009 email, like its claims of authority in this action, ignores the law in this Circuit that "although nicotine may stimulate the senses, it does not affect either the structure or any function of the body." E.R. Squibb and Sons, Inc. v. Bowen, 870 F.2d 678,

683 (D.C. Cir. 1989) (citing Action on Smoking & Health v. Harris, 655 F.2d 236, 240 (D.C. Cir. 1980) for the above-stated proposition)). Further, nowhere in its September 17, 2009 email does FDA even suggest any need for ongoing consideration or further review of electronic cigarette products. See Exhibit. B. Rather, the email asserts that, because electronic cigarettes are not generally recognized as "safe and effective" for the "drug" uses described in the email, they are "new drugs" such that their marketing in the United States is, in the FDA's words, "*illegal*" (emphasis added). Id. By advising retail vendors of electronic cigarettes and related products that merely *marketing* such products is "illegal," FDA is attempting to render any final decision by this Court on SE's Motion for Preliminary Injunction a moot point by eliminating the existing market for the products once imported and distributed by SE.

**II. Oregon Civil Action**

On August 18, 2009, the State of Oregon, at the behest of Action on Smoking and Health, a proposed amicus in this action, filed a complaint against SE and its president, Elicko Taieb, alleging violations of Oregon's Unlawful Trade Practices Act despite SE's suspension of sales in Oregon. Reiterating the FDA's unsupported stance in this case, the Oregon complaint alleges that the electronic cigarette is an unapproved new drug that has not been proven "safe and effective for its intended use." In the action, the State seeks, *inter alia*, civil penalties, attorney's fees, and an injunction prohibiting the sale of electronic cigarettes until and unless:

> …
>
> (iii) a Court of competent jurisdiction determines that FDA is enjoined from detaining Defendants' electronic cigarettes or that FDA lacks jurisdiction to take administrative action against Defendants' electronic cigarettes pursuant to its statutory authority over drugs and/or medical devices and the Court's ruling is not stayed; or
>
> (iv) FDA issues a notice or takes other action identifying its intention to regulate electronic cigarettes as "tobacco products," as that term is defined in the Family Smoking Prevention and Tobacco Control Act . . . .

Further, SE has reason to believe that at least three other States are considering instituting similar actions. Thus, because of FDA's unwillingness to defer action pending resolution of the critical issues pending before this Court, SE may well not have the resources with which to defend itself in those lawsuits and its very existence may be in jeopardy.

### III. California Legislation

At least one state is in the process of enacting legislation barring the sale of electronic cigarettes based on the same faulty rationale that the FDA has asserted in this action. California's Senate Bill 400 (2009) (enrolled), which passed the legislature on September 11, 2009, and is currently awaiting a decision by the governor, authorizes action by California's Department of Public Health to halt the distribution, sale, or offering for sale of electronic cigarettes that have not been approved or cleared by the FDA and would make the violation of any such prohibition a crime. (A copy of SB 400[1], is attached hereto as Exhibit C.)

---

[1] Enrolled by the California legislature and found at http://info.sen.ca.gov/pub/09-10/bill/sen/sb_0351-0400/sb_400_bill_20090915_enrolled.html (last visited September 29, 2009).

## IV. Conclusion

As the foregoing illustrates, absent near term resolution of SE's pending Motion for Preliminary Injunction, SE's request may become moot because the FDA's overreaching is leading state legislatures and enforcement agencies to similarly misconstrue SE's electronic cigarette as an unapproved "drug," "device," or "drug-device combination product." The overall effect of FDA's efforts is to eliminate the existing market for electronic cigarettes and thereby put SE out of business, regardless of whether it ultimately succeeds in this case.

Respectfully submitted,

THOMPSON HINE LLP

Dated: September 29, 2009        By:        /s/ Kip Schwartz
    Kip Schwartz (D.C. Bar # 444650)
        kip.schwartz@thompsonhine.com
    Eric Heyer (D.C. Bar #500095)
        eric.heyer@thompsonhine.com
    Walt Linscott (admitted *pro hac vice*)
        walt.linscott@thompsonhine.com
    Brian Lamb (admitted *pro hac vice*)
        brian.lamb@thompsonhine.com
    Matthew Ridings (admitted *pro hac vice*)
        matt.ridings@thompsonhine.com

1920 N Street, N.W., Suite 800
Washington, D.C. 20036
(202) 331-8800 Telephone
(202) 331-8330 Facsimile

*Counsel for Plaintiff Smoking Everywhere, Inc.*

## **CERTIFICATE OF SERVICE**

I, Kip Schwartz, hereby certify that on September 29, 2009, I caused the foregoing Plaintiff Smoking Everywhere, Inc.'s Status Report to be filed with the Clerk of Court through the Court's electronic filing/ECF system, and service to thereby be effected on the following registered users:

>David Becker
>LATHAM & WATKINS LLP
>555 11th Street, N.W.
>Washington, D.C. 20004
>*Counsel for Intervenor/Plaintiff Sottera Inc. d/b/a NJOY*
>
>Drake Cutini
>Office of Consumer Litigation
>United States Department of Justice
>P.O. Box 386
>Washington, D.C. 20044
>*Counsel for Defendants*

I further caused the foregoing to be served via first class mail, postage prepaid, on the following:

>John F. Banzhaf III
>Action on Smoking and Health
>2013 H Street, N.W.
>Washington, D.C. 20006
>*Counsel for Proposed Amicus Action on Smoking and Health*

                                                    /s/ Kip Schwartz
                                                  Kip Schwartz